# IN THE SUPREME COURT OF IOWA

No. 19–0451

Filed June 5, 2020

**STATE OF IOWA,**

Appellee,

vs.

**DAVID LEE STAAKE,**

Appellant.

Appeal from the Iowa District Court for Fayette County, Richard D. Stochl, Judge.

Defendant appeals restitution order. **RESTITUTION ORDER VACATED AND CASE REMANDED WITH INSTRUCTIONS.**

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Genevieve Reinkoester, Assistant Attorney General, and W. Wayne Saur, County Attorney, for appellee.

**PER CURIAM.**

We adjudicated the right to appeal nonfinal orders of restitution in a decision we also file today, *State v. Davis*, ___ N.W.2d ___, ___ (Iowa 2020). There, we reiterated that interim orders on components of restitution requiring a reasonable ability to pay are neither appealable nor enforceable. *Id.* at ___. However, given that the district court did not have the benefit of *State v. Albright*, 925 N.W.2d 144 (Iowa 2019), in issuing the restitution order, we vacated the restitution order and remanded. *Davis*, ___ N.W.2d at ___. We reach the same conclusions here.

On August 13, 2018, David Staake was charged with the offense of sexual abuse in the third degree in violation of Iowa Code section 709.4(1)(*b*)(3)(d) (2018) for performing a sex act with a fifteen-year-old person when he was four or more years older than the individual. On June 12, the minor's parents had discovered texts between Staake and the minor on the minor's cell phone that prompted the parents to bring the minor into the police station for questioning. In an interview with police, the minor admitted to having had sexual contact with Staake. In his own interview with the police, Staake admitted to the sexual contact and stated it had occurred on June 8.

On March 4, 2019, Staake entered a guilty plea and requested immediate sentencing. The district court sentenced him to an indeterminate term of ten years imprisonment and a fine of $1000, both of which were suspended. The court placed Staake on probation for a period of at least two years and no more than five years, sentenced him to lifetime parole under Iowa Code chapter 903B, and ordered him to register as a sex offender for life along with completion of sex offender treatment. The court also ordered that Staake pay $204.84 in court costs, which was

the known amount at that time, and stated that additional amounts could be assessed at a later date.

Three days later, Staake's court-appointed counsel certified $210 in attorney fees. On March 12, the Oelwein Police Department submitted a reimbursement claim for a total of $60 for room and board, which the court approved on March 18. On March 20, Staake filed this direct appeal as of right from his March 4 judgment of sentence. On August 27, the State filed a motion to dismiss the appeal on grounds that Staake's claim is premature, unripe, and unexhausted. Staake resisted the motion. On September 5, we denied the motion to dismiss.

On appeal, Staake argues that the district court erred in ordering him to pay restitution when it did not know the total amount of those costs and had not conducted a reasonable-ability-to-pay determination. The State counters that Staake's appeal is unripe because no final restitution order has been entered. We retained Staake's appeal.[1]

The district court here did not have the benefit of *Albright*. For the reasons explained today in *Davis*, we vacate the restitution order and remand this case for further proceedings consistent with this opinion.

**RESTITUTION ORDER VACATED AND CASE REMANDED WITH INSTRUCTIONS.**

All justices concur except McDonald, J., who concurs specially.

---

[1]Staake also asserts that the amendments to Iowa Code sections 814.6 and 814.7 enacted in Senate File 589 (the Omnibus Crime Bill) should not apply to his appeal. In *State v. Macke*, we agreed with his position and held that it does not apply to a direct appeal from a judgment and sentence entered before the statute's effective date of July 1, 2019. 933 N.W.2d 226, 228 (Iowa 2019).

**McDONALD, Justice (concurring specially).**

I concur in the judgment. In this case, the district court's sentencing order found the defendant was "reasonably able to pay" restitution. The district court made this finding without having each item of restitution before it. The district court's finding was an abuse of discretion under *State v. Albright.* *See* 925 N.W.2d 144, 162–63 (Iowa 2019) (vacating restitution order because the district court found the defendant had the reasonable ability to pay "without having the amount of each item of restitution before it"). That understanding of *Albright* is consistent with prior appellate practice regarding the timing of the ability to pay determination. *See, e.g., State v. Gross,* 935 N.W.2d 695, 701 (Iowa 2019) ("In *Albright*, the court had made an advance determination that the defendant had a reasonable ability to pay before certain second-category restitution amounts were actually known. We held this was 'contrary to the statutory scheme'; accordingly, we reversed and remanded." (citation omitted) (quoting *Albright*, 925 N.W.2d at 162–63)); *State v. Sallis*, No. 17–1842, 2019 WL 325019, at *5 (Iowa Ct. App. Jan. 23, 2019) ("When Sallis filed his notice of appeal, the total amount of restitution had yet to be determined, and the plan of restitution was not completed. Until the total obligation is determined, the court cannot determine whether a defendant is reasonably able to pay restitution. We conclude the district court abused its discretion in determining Sallis had the ability to pay because such a determination was premature."); *State v. Pace*, No. 16–1785, 2018 WL 1442713, at *3 (Iowa Ct. App. Mar. 21, 2018) ("Here, the court determined Pace was able to pay the jail fees without knowing what the amount of those costs were. The court abused its discretion in so doing."); *State v. Campbell,* No. 15–1181,

2016 WL 4543763, at *4 (Iowa Ct. App. Aug. 31, 2016) ("We believe a sentencing court cannot determine a defendant's ability to pay restitution without, at a minimum, an estimate of the total amount of restitution, and we find the sentencing court's determination of Campbell's ability to pay was premature and lacked evidentiary support.").

This opinion shall not be published.